UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA COSENTINO, | ) | |
| LINDA ARMSTRONG, | ) | |
| JOY BARGERSTOCK, | ) | |
| DIANE BURGBACHER, | ) | |
| PATRICIA CLUNK, | ) | |
| LISA EDWARDS, | ) | |
| MARY KLEPPIN, | ) | |
| JUDITH LUGO, | ) | |
| LINDA MATHIAS, | ) | |
| DAWN PENCE, | ) | |
| JACQUELINE ST. GEORGES, | ) | |
| DEBRA TOLLES, | ) | |
| DEBORAH WALDMAN, | ) | |
| | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | |
| TRANSCEND SERVICES, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Serve at: | ) | |
| | ) | |
| Registered Agent | ) | |
| Corporation Service Company | ) | |
| 40 Technology Parkway South, #300 | ) | |
| Norcross GA 30092 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW Plaintiffs Theresa Cosentino, Linda Armstrong, Joy Bargerstock, Diane

Burgbacher, Patricia Clunk, Lisa Edwards, Mary Kleppin, Judith Lugo, Linda Mathias, Dawn

Pence, Judith St. Georges, Debra Tolles and Deborah Waldman (hereinafter collectively referred

to as "Plaintiffs") by and through counsel, and for their Complaint against Defendant Transcend Services, Inc. (hereinafter "Defendant" or "Transcend"), state as follows:

## NATURE OF THE CLAIM

1.      Plaintiffs seek declaratory relief and monetary damages for Defendant's willful violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").  Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by knowingly suffering or permitting Plaintiffs and the putative class members to perform work without compensating them in accordance with federal minimum wage requirements and to perform overtime work without properly compensating them for the time spent on these activities at time and a half the regular rate of pay for hours worked in excess of forty (40) hours per work week.

## JURISDICTION AND VENUE

2.      The FLSA, 29 U.S.C. § 201 *et seq.*, authorizes court actions by private parties to recover damages for violation of the wage and hour provisions contained within the FLSA. Jurisdiction over the FLSA claims of Plaintiffs is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. 1391(b), because a significant number of putative class members reside in this district, one of the named Plaintiffs resides in this district, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

2

## **THE PARTIES**

4.     Plaintiff Theresa Cosentino is a citizen of the United States and resides in Worth,Illinois.  She was a Medical Language Specialist at Transcend from 2005 to 2012. Plaintiff Cosentino is a member of both Sub-Class 1 and Sub-Class 2.  Plaintiff Cosentino's consent to join this action is attached hereto as "Exhibit 1."

5.     Plaintiff Linda Armstrong is a citizen of the United States and resides in St. Paul, Minnesota.  She has been a Medical Language Specialist at Transcend since September 2011. Plaintiff Armstrong is a member of Sub-Class 1, which comprises Plaintiffs who were paid less than minimum wage for one or more work weeks, in violation of 29 U.S.C. § 206, within the past three (3) years.  Plaintiff Armstrong's consent to join this action is attached hereto as "Exhibit 2."

6.     Plaintiff Joy Bargerstock is a citizen of the United States and resides in Natrona Heights, Pennsylvania.  She has been a Medical Language Specialist at Transcend since 2010. Plaintiff Bargerstock is a member of Sub-Class 1 and Sub-Class 2, which comprises Plaintiffs who were not paid time-and-a-half for hours worked in excess of forty (40) per work week, in violation of 29 U.S.C. § 207, within the past three (3) years.  Plaintiff Bargerstock's consent to join this action is attached hereto as "Exhibit 3."

6.     Plaintiff Diane Burgbacher is a citizen of the United States and resides in Beaver Dam, Wisconsin.  She was a Medical Language Specialist at Transcend from September 26, 2011 to March 23, 2012.  Plaintiff Burgbacher is a member of both Sub-Class 1 and Sub-Class 2. Plaintiff Burgbacher's consent to join this action is attached hereto as "Exhibit 4."

7.     Plaintiff Patricia Clunk is a citizen of the United States and resides in Chincoteague, Virginia.  She has been a Medical Language Specialist at Transcend since 2004.

Plaintiff Clunk is a member of Sub-Class 1. Plaintiff Clunk's consent to join this action is attached hereto as "Exhibit 5."

9.      Plaintiff Lisa Edwards is a citizen of the United States and resides in Rome, Georgia. She has been a Medical Language Specialist at Transcend since October 2011. Plaintiff Edwards is a member of Sub-Class 1. Plaintiff Edwards's consent to join this action is attached hereto as "Exhibit 6."

10.      Plaintiff Mary Kleppin is a citizen of the United States and resides in Campbellsport, Wisconsin. She has been a Medical Language Specialist at Transcend since March 2011. Plaintiff Kleppin is a member of Sub-Class 1 and Sub-Class 2. Plaintiff Kleppin's consent to join this action is attached hereto as "Exhibit 7."

11.      Plaintiff Judith Lugo is a citizen of the United States and resides in Port St. Lucie, Florida. She has been a Medical Language Specialist at Transcend since June 2011. Plaintiff Lugo is a member of both Sub-Class 1 and Sub-Class 2. Plaintiff Lugo's consent to join this action is attached hereto as "Exhibit 8."

12.      Plaintiff Linda Mathias is a citizen of the United States and resides in Aurora, Colorado. She has been a Medical Language Specialist at Transcend since March 2009. Plaintiff Mathias is a member of both Sub-Class 1 and Sub-Class 2. Plaintiff Mathias's consent to join this action is attached hereto as "Exhibit 9."

13.      Plaintiff Dawn Pence is a citizen of the United States and resides in Rapid City, South Dakota. She has been a Medical Language Specialist at Transcend since August 2011. Plaintiff Pence is a member of both Sub-Class 1 and Sub-Class 2. Plaintiff Pence's consent to join this action is attached hereto as "Exhibit 10."

14.     Plaintiff Jacqueline St. Georges is a citizen of the United States and resides in Coral Springs, Florida.  She has been a Medical Language Specialist at Transcend since June 2011.  Plaintiff St. Georges is a member of Sub-Class 1.  Plaintiff St. Georges's consent to join this action is attached hereto as "Exhibit 11."

15.     Plaintiff Debra Tolles is a citizen of the United States and resides in Defiance, Ohio.  She has been a Medical Language Specialist at Transcend since November 2011.  Plaintiff Tolles is a member of Sub-Class 1.  Plaintiff Tolles's consent to join this action is attached hereto as "Exhibit 12."

16.     Plaintiff Deborah Waldman is a citizen of the United States and resides in Coral Springs, Florida.  She was a Medical Language Specialist at Transcend from June 2011 to May 2011.  Plaintiff Waldman is a member of both Sub-Class 1 and Sub-Class 2.  Plaintiff Waldman's consent to join this action is attached hereto as "Exhibit 13."

17.     Plaintiffs' primary duties as employees of Defendant include utilizing their personal computers and voice-recognition technology to edit and transcribe medical records for Defendant while working from home.

18.     Plaintiffs and those similarly situated are compensated at a flat rate per line for transcribing and editing medical records.  Defendant has maintained a common policy, practice, and procedure of compensating Plaintiffs and those similarly situated per line worked, resulting in Defendant's failure to pay Plaintiffs and those similarly situated at a rate equal to the federal minimum wage and time-and-a-half overtime for all time worked in excess of forty (40) hours per workweek.

19.     Defendant Transcend Services, Inc. is a Delaware corporation with its primary place of business in Atlanta, Georgia.  Transcend employs approximately 2,000 Medical

Language Specialists around the United States to work from their homes transcribing and editing medical records for the approximately 320 hospitals and health systems which employ Transcend.

20.     At all times material to this action, Transcend is and/or has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d).  At all times material to this action, Plaintiffs and those similarly situated are and/or have been "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Transcend within the territory of the United States within three (3) years preceding the filing of this lawsuit.

21.     At all times material to this action, Transcend has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.

22.     At all times material to this action, Transcend has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

23.     Plaintiffs and those similarly situated employees of Transcend are non-exempt employees within the meaning of the FLSA.

24.     Plaintiffs bring this action on behalf of themselves and those similarly situated and seek to certify this matter as a class/collective action, with the putative class divided into two sub-classes.  Sub-Class 1 consists of Plaintiffs and all those similarly-situated employees of Defendant who were compensated at an hourly rate less than the federal minimum wage for one or more work weeks, in violation of 29 U.S.C. § 206, within the past three (3) years.  Sub-Class 2 consists of Plaintiffs and all those similarly-situated employees of Defendant who were not

6

compensated at a rate of time-and-a-half for hours worked in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207, within the past three (3) years.

25.     Plaintiffs bring Counts I and II of this lawsuit as collective actions under the FLSA on behalf of themselves and all other similarly situated employees employed by Defendant in the last three (3) years.

## COMMON FACTUAL ALLEGATIONS

26.     Plaintiffs and those similarly situated have worked as Medical Language Specialists (or possibly other similar job titles) for Defendant Transcend.

27.     Plaintiffs' duties and the duties of those similarly situated include using computer software and voice-recognition technology to transcribe, type, and edit medical records. Plaintiffs are required to ensure that the transcribed and edited lines of the medical records reflect rates of accuracy in excess of approximately 95 percent per medical report.

28.     Plaintiffs and those similarly situated are paid per line edited or transcribed.  This is referred to as "hands on keyboard time."  The average compensation rate for Plaintiffs and those similarly situated is approximately 4.5 to 5 cents per line edited and 8.5 to 9 cents per line transcribed.

29.     To be considered a full-time Medical Language Specialist employed by Transcend, a total of $900 in lines transcribed or edited must be grossed per two week pay period.

30.     To be considered a part-time Medical Language Specialist employed by Transcend, a total of $450 in lines transcribed or edited must be grossed per two week pay period.

31.     Editing duties constitute the majority of compensated "hands on keyboard time" for most Plaintiffs and those similarly situated.

32.     The fact that lesser-paid editing duties constitute the majority of compensated "hands on keyboard time" for most Plaintiffs and those similarly situated means that both the full-time and part-time earnings standards are not commonly achievable within the number of hours Plaintiffs and those similarly situated are instructed to list on their timesheets by Transcend.

33.     To ensure the accurate editing or transcribing of medical reports, Plaintiffs and those similarly situated perform various duties for which they are not compensated, but which are essential to the accurate editing and transcription of lines within medical records.  Transcend is aware or should be aware of the performance of these essential duties for which Plaintiffs and those similarly situated are not compensated due to communications provided by Transcend to Plaintiffs concerning their essential job functions and time records generated by software platforms, including, but not limited to the Beyond TXT platform, which are used by Plaintiffs and those similarly situated to perform their duties for Transcend from home.

34.     Duties essential to the  accurate transcription and editing of medical records for which Plaintiffs and those similarly situated are not compensated include, but are not limited to: retrieving the patient's medical record number and name to verify the correct individual's record is being consulted; ascertaining the patient's name, birth date, and date of visit to the physician and hospital are correct; ensuring the dictator's name is entered correctly; making sure all preliminary background information is entered correctly and, if the dictator does not provide the date of the report, attaching the document stating this to the Quality Assurance Department or the customer; ensuring the attending physician's name is entered and marked to receive a copy of the

patient report; communicating with Transcend officials and Team Leaders via email and Yahoo Instant Messenger while editing or transcribing medical reports; ensuring the accuracy of physician and patient personal information by using Google and other online sources to verify locations and addresses; ensuring the proper medical term is inserted into the medical record by consulting Google and online sources for spelling and definition information; and communicating with technical support regarding any problems or defects with the transcription/editing and voice-recognition software. All such duties were performed for the primary benefit of Defendant.

35. Performance of uncompensated duties which are essential to the accurate transcription and editing of lines within medical records led Plaintiffs and those similarly situated to work more hours than they were authorized to submit on their timesheets, resulting in compensation at rates less than the federal minimum wage and/or compensation at a rate less than time-and-a-half for time worked in excess of forty (40) hours per work week for Plaintiffs and those similarly situated.

36. Plaintiffs and those similarly situated share the understanding that to retain their employment with Defendant, they must conform to the minimum production schedule, and record no more hours worked than the specific hours encompassed within their daily shift, no matter how many hours were actually worked during a given shift.

37. Defendant's company policy of compensating Medical Language Specialists for "hands on keyboard time" frequently leads to instructions from Defendant to exclude such unpaid time actually worked from timesheets, which requires Plaintiffs and those similarly situated to decrease the number of work hours to be included on their timesheet before the timesheet is approved.

38.    Defendant's company policy of compensating per line edited or transcribed results in the Medical Language Specialists having to "flex" their assigned work shifts in the event that there are no medical records to be edited or transcribed in Plaintiffs' electronic queue at any point during their shift.

39.    Time "flexing" is performed at the behest of Defendant and requires Medical Language Specialists to be on call and log in and out of Transcend's transcription/editing software for extended periods of time, frequently until well after their assigned shift ends, to meet the minimum requirement for lines edited or transcribed during a given shift.

40.    The records generated by the transcription/editing software platform(s), including but not limited to the Beyond TXT platform, indicate the times Plaintiffs and those similarly situated logged in and out, or remained logged in and on-call to check for work available in the form of medical reports available from download in the electronic queue.

41.    The records generated by the transcription/editing software platform(s), including but not limited to Beyond TXT, indicate that Plaintiffs and those similarly situated frequently worked hours in excess of their assigned shifts.

42.    The records generated by the transcription/editing software platform(s), including but not limited to Beyond TXT, indicate that Plaintiffs and those similarly situated expended time performing duties in addition to "hands on keyboard time," for which they were not compensated.

43.    Defendant had access to the records generated by the transcription/editing software platform(s), including but not limited to Beyond TXT, and regularly consulted such records for the purposes of monitoring and evaluating the work performance of its employees.

10

44.     Defendant had (and continues to have) knowledge that Plaintiffs and those similarly situated were expending time and performing actual work, beyond "hands on keyboard time," for which they were not compensated.

45.     Defendant's company policy and practice to compensate Plaintiffs and those similarly situated per line edited or transcribed is further carried out through Defendant's practice of instructing the Plaintiffs and similarly situated Medical Language Specialists to modify and manipulate timesheets to reflect time spent on the actual number of lines submitted.

46.     Defendant's common policy to compensate Plaintiffs and those similarly situated per line edited or transcribed forms a basis for establishing Defendant's willful violation of the FLSA's requirements to compensate employees at an hourly wage of at least $7.25 per hour and at a rate equal to one-and-one-half times employees' regular rate of pay for hours worked in excess of forty (40) per work week.  Likewise, Defendant's failure to maintain accurate records of the time worked by its employees, as required by the FLSA, is further evidence of Defendant's willful violation of the law.

47.     Based upon DOL opinions and decisions and Defendant's clear knowledge of the violations at issue, the failure to pay Plaintiffs and those similarly situated minimum wage and overtime pay is a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiffs individually and on behalf of all other similarly situated employees seek relief on a collective basis challenging Defendant's common policy and practice of compensating Medical Language Specialists per line edited or transcribed and not appropriately compensating such employees for time worked essential to the performance of such duties.

49.     Plaintiffs are representative of those similarly situated individuals who are current or former employees of Defendant as Medical Language Specialists who were paid less than the federal minimum wage rate and/or worked in excess of forty (40) hours per workweek and did not receive overtime compensation because of Defendant's failure to pay Plaintiffs and all those similarly situated for all work time.

50.     The number and identities of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records. Potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

51.     Plaintiffs bring this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent-to-join form with the Court.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT)

52.     Plaintiffs incorporate by reference the above stated paragraphs as if set forth fully herein.

53.     Plaintiffs are entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

54.     The FLSA requires employers to pay employees at an hourly rate no less than $7.25 per hour for each work week. 29 U.S.C. § 206.

12

55.     Defendant's common practice and policy to compensate Plaintiffs and similarly situated employees per line edited or transcribed but not for time spent on the performance of duties essential to such functions caused the putative class members in Sub-Class 1 to frequently not be compensated at least $7.25 per hour worked in each work week, in violation of 29 U.S.C. § 206.  Such failure to pay for all time worked resulted in Plaintiffs and those similarly situated being compensated at an hourly rate that was as low as between approximately $2.81 and $3.13 per hour worked within a workweek.

56.     The  weekly payments received by Plaintiffs and those similarly situated, when divided by the total time worked in those work weeks, falls below the federal minimum wage.

57.     Defendant had knowledge that Plaintiffs and those similarly situated were not being paid for all the time that they performed duties essential to the accurate completion of "hands on keyboard time."

58.     Defendant knew or should have known that Plaintiffs were non-exempt employees under the FLSA and knowingly and willingly violated the FLSA by failing to keep accurate records of Plaintiffs' actual hours worked and not paying Plaintiffs in Sub-Class 1 at least $7.25 per hour worked.

59.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, Defendant has unlawfully deprived Plaintiffs and those similarly situated of adequate compensation for work performed.  Defendants are liable under 29 U.S.C. § 216(b) for paying Plaintiffs and those similarly situated at a rate less than the federal minimum wage, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

60.     Plaintiffs seek injunctive relief under 29 U.S.C. § 217 to stop Defendant's unlawful pay practices and establish that such unlawful practices within the healthcare industry are no longer permissible.

WHEREFORE, on Count I of this Complaint, Plaintiffs demand judgment against Defendant and pray that this Court: (1) designate this action as a collective action on behalf of the Collective Class and order prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing approved individual consent forms pursuant to 29 U.S.C. § 216(b); (2) enjoin Defendant's unlawful pay practices as stated herein; (3) find that Defendant's conduct was a willful violation of the FLSA; (4) grant Plaintiffs unpaid wage compensation; (5) grant Plaintiffs' liquidated damages; (6) grant Plaintiffs attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (7) award pre-judgment and post-judgment interest as provided by law; and (8) award such other relief as the Court deems fair and equitable.

**COUNT II**
**(FAILURE TO PAY OVERTIME IN VIOLATION**
**OF THE FAIR LABOR STANDARDS ACT)**

61.     Plaintiffs incorporate by reference the above stated paragraphs as if set forth fully herein.

62.     At all times relevant herein, Plaintiffs and those similarly situated employees are entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

63.     The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for hours of work in excess of forty (40) per work week.  29 U.S.C. § 207.

14

64.     Defendant's common practice and policy to compensate Plaintiffs and similarly situated employees per line edited or transcribed without payment for the performance of duties essential to the accurate completion of such tasks caused the putative class members in Sub-Class 2 to frequently not be compensated at a rate of one and one-half times the regular rate of pay at which they are employed for hours worked in excess of forty (40) per work week, in violation of 29 U.S.C. § 206.  In some instances, Plaintiffs worked in excess of seventy (70) hours per workweek without compensation at a rate equal to time-and-a-half for hours worked in excess of forty (40) per workweek.

65.     Defendant's policies, actions, and/or practices violate the FLSA's overtime requirements by compensating Plaintiffs and those similarly situated per line edited and transcribed and failing to compensate Plaintiffs for work activities as set forth in this Complaint.

66.     Defendant had knowledge that Plaintiffs and those similarly situated were not being paid for all the time that they performed duties essential to the accurate completion of "hands on keyboard time."

67.     Defendant knew or should have known that Plaintiffs were non-exempt employees under the FLSA and knowingly and willingly violated the FLSA by failing to keep accurate records of Plaintiffs' actual hours worked and not paying Plaintiffs time-and-a-half for hours worked in excess of forty (40) per workweek.

68.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant unlawfully deprived Plaintiffs and those similarly situated falling within Sub-Class 2 of overtime compensation.

69.     Defendants are liable under 29 U.S.C. § 216(b) for unpaid overtime worked, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

70.     Plaintiffs seek injunctive relief under 29 U.S.C. § 217 to stop Defendant's unlawful pay practices and establish that such unlawful practices within the healthcare industry are no longer permissible.

WHEREFORE, on Count II of this Complaint, Plaintiffs demand judgment against Defendant and prays that this Court: (1) designate this action as a collective action on behalf of the Collective Class and order prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b); (2) enjoin Defendant's unlawful pay practices as stated herein; (3) find that Defendant's conduct was a willful violation of the FLSA; (4) grant Plaintiffs unpaid overtime compensation; (5) grant Plaintiffs liquidated damages; (6) grant Plaintiffs attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (7) award pre-judgment and post-judgment interest as provided by law; and (8) award such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury on all claims triable by jury herein.

16

Respectfully Submitted,


By: _____/s/ Anthony M. Sciara_____
Anthony M. Sciara, USDC No. 6290715
GOLDSTEIN & MCCLINTOCK LLLP
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
P: 312-337-7700, Ext.: 013
F: 312-277-3737
anthonys@restructuringshop.com
Local Counsel for Plaintiffs

Kevin J. Dolley, USDC No. 54132MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood Blvd. Suite 207
St. Louis, MO 63105
(314)645-4100 - Telephone
(314)647-4300 – Facsimile
kevin@dolleylaw.com
Application for Pro Hac Vice Admission Pending

Russell C. Riggan, USDC #53060MO
RIGGAN LAW FIRM, LLC
132 West Washington Ave.
Suite 100
Kirkwood, Missouri 63122
Phone:  (314) 835-9100
Fax:  (314) 735-1054
russ@rigganlawfirm.com
Application for Pro Hac Vice Admission Pending

*Attorneys for Plaintiffs and Those Similarly Situated*

17

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Therese Cosentino_     _4/7/12_
Signature             Date

_Theresa Cosentino_
Print Name

_6913 W. 113th St._
Address

_(708) 250-7374_
Best Telephone Number

_TheresaC2005@comcast.net_
Email Address

_Howard Cosentino (708)361-0611_
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Linda Armstrong_  3-27-2012
Signature                                    Date

_LINDA K. Armstrong_
Print Name

_46 East fourth Street_ #1204
Address                        _St. Paul, MN 55101_

_651-756-7625_
Best Telephone Number

_lindawordlady@yahoo.com_
Email Address

_Pam Eggert  651-280-4700_
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Joy A Bargerstock_    4/6/12
Signature             Date

_Joy A. Bargerstock_
Print Name

_225 Chinkapin Dr. Natrona Hgh; PA 15065_
Address

_724-904-9099_
Best Telephone Number

_Jbargerstock@comcast.net_
Email Address

_Jim Bargerstock_    412-855-7405 - Cell
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation
c/o Law Offices of Kevin J. Dolley
34 N. Brentwood Blvd., Suite 207
St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. **I HEREBY CONSENT** to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Diane L. Burgbacher_    3-28-12
Signature          Date

_Diane L. Burgbacher_
Print Name

_103 E. Maple Avenue Apt. 315_
_Beaver Dam, WI 53916_
Address

_920-557-1057_
Best Telephone Number

_johnswife41@yahoo.com_
Email Address

_____
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_____
Signature                     Date

*Patricia D. Clunk 4/3/2012*

*PATRICIA H. CLUNK*
Print Name

*5353 Mc CLEARY DRIVE*
*CHINCOTEAGUE, VA 23336*
Address

*757-336-6147*
Best Telephone Number

*pclunk1@msn.com*
Email Address

*Ed Clunk (Husb.) 304-224-5845*
Alternative Contact Name & Phone Number

Mail, Fax or Email to:
**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Lisa Edwards_ 03/27/2012
Signature        Date

_Lisa Edwards_
Print Name

_1521 Little Texas Valley Rd NW_
_Rome, GA 30165_
Address

_(706) 232-3092 / (706) 346-4354_
Best Telephone Number

_briockthj20030@ yahoo.com_
Email Address

_Tony Edwards (706) 346-4525_
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation
c/o Law Offices of Kevin J. Dolley
34 N. Brentwood Blvd., Suite 207
St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

## PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

Signature _____  Date 3/28/2012

Print Name MARY M KLEPPIN

Address W3251 SAINT KILLIAN Drive CAmpbellsport, WI 53010

Best Telephone Number 262-483-1642

Email Address MMKKLEPPIN @gmail.com

_____
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Judith R Lugo_     3/28/12
Signature                      Date

_Judith R. Lugo_
Print Name

_1160 NW Lombardy Dr, PSL, Fl 34986_
Address

_772-344-4601_
Best Telephone Number

_JLugo28work@yahoo.com_
Email Address

_772 828.5840 (cell)_
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Linda Mathias_     _04/01/12_
Signature                     Date

_Linda Mathias_
Print Name

_2641 S. Halifax Ct._
Address

_303-547-4954_
Best Telephone Number

_adaytigr@gmail.com_
Email Address

_Dale Mathias 303-547-6142_
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**



# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_____
Signature                                    Date

Dawn Pence
Print Name

710 Belmont Dr
Address

605 - 341 - 4193
Best Telephone Number

Jesusluvme@rushmore.com
Email Address

Connie Tice    605 - 342 - 5538
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**



# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

*Jacqueline St. Georges*          4/18/12
Signature                                    Date

*Jacqueline St. Georges*
Print Name

_____
Address

_____
Best Telephone Number

_____
Email Address

_____
Alternative Contact Name & Phone Number

Mail, Fax or Email to:
  **Transcend Services Wage and Hour Litigation**
  **c/o Law Offices of Kevin J. Dolley**
  **34 N. Brentwood Blvd., Suite 207**
  **St. Louis, Missouri 63105**

  **Fax: (314) 647-4300**

  **Email: kevin@dolleylaw.com**



# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any other attorneys with whom he may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

Debra Tolles 3/28/2012
Signature _____ Date

Debra Tolles
Print Name

221 W. Rosewood Ave
Address Defiance, OH 43512
419-789-8940
Best Telephone Number

debtolles @ hotmail. com
Email Address

_____
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against
Nuance Communications, Inc and Transcend Services, Inc. I HEREBY CONSENT to be a party
plaintiff in the foregoing action seeking unpaid wages, including unpaid overtime under the
FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley and by any
other attorneys with whom he may associate to make all decisions on my behalf concerning the
method and manner of conducting the case including settlement, payment of attorney's fees and
court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for
purposes other than these legal claims.

NOTE: If your address has changed, please update
it on this form.

_Don Waldman_ 3/31/2017
Signature                                    Date

_DEBORAH WALDMAN_
Print Name

_1510 LAKEVIEW CIR_
Address

_954-346-7337_
Best Telephone Number

_WYNSLOPE @ BELLSOUTH. NET_
Email Address

_NONE_
Alternative Contact Name & Phone Number

Mail, Fax or Email to:
**Nuance Communications and Transcend Services Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley**
**34 N. Brentwood Blvd., Suite 207**
**St. Louis, Missouri 63105**

**Fax: (314) 647-4300**

**Email: kevin@dolleylaw.com**